**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Heron GREEN, Defendant-Appellant.**

**No. 73-2577**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

John W. Coleman, Mobile, Ala. (Court appointed), for defendant-appellant.

Charles White-Spunner, U. S. Atty., Irwin W. Coleman Jr., Asst. U. S. Atty., Mobile Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Heron Green was indicted, tried before a jury and convicted for violation of Title 21, U.S.C., § 841(a), knowingly and intentionally distributing and possessing with intent to distribute, a Schedule I narcotic drug controlled substance, 3.68 grams of heroin. He was sentenced to seven years confinement with a mandatory special parole term of three years to follow.

The sole contention advanced by Green's appeal is whether he was denied a fair trial when the district judge instructed the jury to disregard a portion of his counsel's closing argument. The questioned statement was made by the judge when defense counsel objected to a portion of the argument being made in closing by the prosecuting attorney. The incident was preceded by several occasions during the trial when defense counsel was admonished by the court for improper statements made in the jury's presence. On at least one such prior occasion counsel apologized to the court for his conduct. Our scrutiny of the record shows the trial judge to have been patient, courteous, attentive and responsive in his demeanor to both attorneys during the trial.

The actual statement forming the basis for the assignment of error was:

"THE COURT: There is nothing wrong with that, Mr. Coleman, you went way beyond this in your argument. I hate to have to make this statement to you, but you brought this on by your own objection here. You argued way outside the record and I am going to say it to you here, I am going to admonish the jury the things you said that are outside the record are not to be considered by them in this Court. Proceed."

In the circumstances of this trial we think the court did not commit error prejudicial to the rights of the appellant. The admonition was properly given under the trial court's function of presiding over the trial and directing the course of trial proceedings so as to protect their impartiality. United States v. Jackson, 5 Cir. 1973, 470 F.2d 684, 687; United States v. Jenkins, 5 Cir. 1971, 442 F.2d 429, 434; Luttrell v. United States, 5 Cir. 1963, 462, 465–466.

Affirmed.